UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JESUS ELIOSA GALICIA ,
Petitioner,

v.                                                                    Case No. 26-cv-11468-FDS

TODD M. LYONS, Field Office Director of
Enforcement and Removal Operations, Boston Field
Office, U.S. Immigration and Customs
Enforcement; KRISTI NOEM, Secretary, U.S.
Department of Homeland Security; U.S.
DEPARTMENT OF HOMELAND SECURITY;
PAMELA BONDI, Attorney General of the United
States; EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW; ANTONE MONIZ,
Superintendent of Plymouth County Correctional
Facility; and JOSEPH D. MCDONALD, Sheriff of
Plymouth County,
Respondents.

## EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

### INTRODUCTION

Petitioner Jesus Eliosa Galicia ("Galicia") respectfully moves this Court for an

Emergency Temporary Restraining Order and Preliminary Injunction pursuant to Fed. R. Civ. P.

65. Galicia is a citizen of Mexico, is married to a United States citizen, and has a United States

citizen child. Docket No. 1. His spouse has given birth, to their second baby, Ian Jesus Galicia.

Petitioner has a pending application with USCIS to adjust his status to that of a lawful

permanent resident and has paid all associated fees. Docket No. 12-2. The Immigration

Judge initially terminated proceedings because Galicia appeared prima facie eligible to

pursue adjustment before USCIS but later rescinded that ruling after DHS moved for

reconsideration based on charges that were nolled. That sequence does not justify ICE's

1

refusal to facilitate biometrics or Galicia's continued detention.

While Galicia was initially detained in connection with criminal charges, the Connecticut criminal case was nolled on April 16, 2026, and the court record reflects that the case was disposed of on that date. He has no convictions and no other criminal charges. Galicia is the beneficiary of an approved immediate-relative I-130 petition filed by his U.S. citizen spouse, and he has also filed a Form I-485 seeking adjustment of status. See Docket No. 12-2. Galicia has been in the United States since he was a minor, was paroled into the United States, and remains detained. Docket No. 1. The current family circumstances, including his newborn son's hospitalization, make immediate relief especially urgent.

This motion is urgent because Galicia is scheduled to appear for a USCIS biometrics appointment on June 22, 2026, and Respondents are refusing to agree to facilitate transport or reasonable alternative arrangements for collection. Ex. A and B.  If his biometrics are not collected, USCIS may deny the pending application for failure to appear. USCIS has also refused to reschedule biometrics based on detention, and ICE has refused to facilitate attendance. Moreover, the Immigration Judge initially terminated proceedings because Galicia appeared prima facie eligible to pursue adjustment before USCIS, but later rescinded that ruling after DHS moved for reconsideration based on criminal charges that were later nolled.  Docket No. 9.  See IJ Termination Order dated Apr. 30, 2026; IJ Order on Reconsideration dated May 4, 2026. Docket No 10 and 11.  That sequence matters because it shows Galicia was initially found suitable to pursue adjustment, and the later adverse order rested on charges that no longer exist. The Court should not allow that rescinded, nonfinal ruling to be used to foreclose compliance with USCIS requirements or to justify continued detention where Galicia remains otherwise eligible to pursue statutory relief. Thus, Respondents are actively preventing Galicia from

pursuing congressionally authorized immigration relief while simultaneously relying on his unresolved immigration posture to justify prolonged detention. This creates an unconstitutional and unlawful "catch-22" that risks immediate, irreparable harm and requires emergency judicial intervention. Galicia's ability to comply is further constrained by his family's hospitalization and need for his presence and support.

Galicia therefore requests that this Court order his immediate release, or in the alternative order that Respondents transport him to the biometrics appointment or otherwise collect his biometrics immediately, preserving his ability to pursue statutory relief while the Court adjudicates the merits of his habeas petition.

## I.      FACTUAL BACKGROUND

Galicia has now been detained for 120 days. He remains detained. He was initially held on the belief that he was an arriving alien, which he is not. As he has an active petition with USCIS for adjustment of status based on his marriage to a United States citizen and his United States citizen child, with another child due imminently, his continued confinement is not tied to any legitimate civil detention purpose.

Galicia incorporates by reference the factual allegations in his habeas petition and supporting exhibits. Docket No. 1. Galicia is currently protected by a stay of removal issued by this Court, which remains in effect. Docket No. 4. Galicia is scheduled for a USCIS biometrics appointment on June 22, 2026, in New York. Ex A. If he does not appear, USCIS may deny his pending visa petition. Respondents have already refused to transport Galicia for biometrics and have taken the position that USCIS should "share" biometrics data with ICE instead. USCIS has rejected that approach and has also refused to treat detention as "good cause" for rescheduling.

Time is now critical. Without Court intervention by June 22, 2026, Galicia will be unable to coordinate transportation, scheduling, or compliance measures needed to preserve his ability to attend the appointment.

## II.    LEGAL STANDARD

To obtain a temporary restraining order, a petitioner-plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def Council, Inc.,* 555 U.S. 7, 20 (2008).

Under similar circumstances, courts have granted motions requiring that a detained petitioner be released so that he can attend biometrics, be brought to DHS for biometrics collection during the scheduled appointment, or have biometrics collected where he is detained or at another nearby location. See *Walter A. v. Easterwood*, 2026 WL 836428 (D. Minn. 2026); *Sonora-Abrajan v. Bondi*, 2026 WL 1354207 (W.D. La. 2026).

### ARGUMENT

**A.        Galicia Is Likely to Succeed on the Merits on His Due Process Claim Based on ICE's Refusal to Facilitate Attendance at USCIS Biometrics**

Respondents' refusal to transport Galicia to his USCIS biometrics appointment violates due process because it deprives him of a meaningful opportunity to pursue statutorily authorized immigration relief, while the Government simultaneously controls his physical liberty.

USCIS policy requires biometrics as a prerequisite to adjudication and permits denial for abandonment where a person fails to appear. See 8 C.F.R. § 103.2(b)(13)(ii). USCIS policy further provides that USCIS "does not grant requests to collect biometrics from aliens

or other persons in custody" and "does not approve requests to reschedule a biometrics appointment for reason of detention or incarceration." USCIS Policy Manual, Vol. 1, Pt. C, Ch. 2, § B (Dec. 5, 2025).

Thus, DHS has created an impossible trap: Galicia must attend biometrics to preserve his pending immigration petition, but he cannot attend because ICE refuses transport and USCIS refuses accommodations. A procedural framework that makes compliance impossible for a detained person, while simultaneously punishing noncompliance, creates an unacceptably high risk of erroneous deprivation. See Mathews v. Eldridge, 424 U.S. 319, 335 (1976).

Courts have repeatedly held that due process requires meaningful access to procedures where liberty interests are at stake. See Bounds v. Smith, 430 U.S. 817, 828 (1977); Boddie v. Connecticut, 401 U.S. 371, 379-80 (1971).  Petitioner is denied due process unless he gets his biometrics collected.

**B.      Galicia Will Suffer Immediate and Irreparable Harm Absent Emergency Relief**

Galicia faces imminent denial of his pending visa petition if he is unable to attend biometrics on June 22, 2026. That denial would not be based on statutory ineligibility, but on a Government-created impossibility trap. The resulting harm extends beyond deportation-related consequences: it would separate him from his spouse and newborn son at a medically fragile time and further compound the irreparable harm caused by continued detention. See *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

Denial of his opportunity to obtain immigration relief due to Government obstruction constitutes irreparable harm because it materially alters Galicia's immigration posture and ability to obtain meaningful adjudication.

C.        **The Balance of Equities Strongly Favors Galicia**

The "public interest is best served by ensuring the constitutional rights of persons within the United States are upheld." See *Opulent Life Church v. City of Holly Springs*, 697 F.3d 279, 295 (5th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). The balance of equities strongly favors Galicia because the harm to him from continued unlawful and unconstitutional detention far outweighs any speculative burden on the government.

Absent temporary injunctive relief, Petitioner faces immediate and irreparable harm in the form of continued deprivation of liberty and the imminent loss of pending family-based immigration benefits through Government-created obstruction and an inability to complete biometrics while detained. These harms are severe, irreversible, and cannot be remedied through later judicial or administrative action.

The public interest likewise favors injunctive relief. "It is always in the public interest to prevent the violation of a party's constitutional rights." *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012). The public also has a strong interest in ensuring that executive agencies act within the bounds of their lawful authority and honor congressionally enacted protections for vulnerable populations, including Special Immigrant Juveniles. See O*sorio-Martinez v. Att'y Gen.,* 893 F.3d 153, 171 (3d Cir. 2018).

Moreover, maintaining the *status quo* promotes judicial economy and orderly adjudication. "There is generally no public interest in the perpetuation of unlawful agency action," and "there is a substantial public interest in having governmental agencies abide by the federal laws that govern their existence and operations." *League of Women Voters of United States v. Newby,* 838 F.3d 1, 12 (D.C. Cir. 2016) (cleaned up).

Because the equities overwhelmingly favor Galicia and the public interest is served by preventing unlawful detention and preserving access to the adjudication of lawful benefits,

6

this factor weighs decisively in favor of granting temporary injunctive relief.

## REQUESTED  RELIEF

Galicia respectfully requests that this Court enter an Emergency

Temporary Restraining Order requiring:

1.　　Respondents shall immediately release Galicia so that he can

attend his June 22, 2026, biometrics appointment for his pending visa

application;

2.　　Respondents shall be enjoined from taking any action that

would cause denial of Galicia's pending visa petition based on

inability to attend biometrics while in custody;

3.　　Alternatively, that Respondents shall be ordered to take Galicia

for his biometrics appointment or collect said biometrics on or before

June 22 2026.

4.　　Respondents shall be ordered to file written confirmation by

June 19, 2026 that Galicia has been released and/or had his biometrics

taken.

Respectfully submitted

**Petitioner, by his attorneys,**

*/s/ Sonja L. Deyoe*
Sonja L. Deyoe, Esq. #665991
Law Offices of Sonja L. Deyoe P.C.
395 Smith Street
Providence, RI 02908
(401) 864-5877
SLD@the-straight-shooter.com

Dated: June 18, 2026

CERTIFICATION

I hereby certify that a copy of the above was filed in the ECF system on this 18th Day

of June 2026 and served via NEF on all parties of record.

/s/ Sonja L. Deyoe